UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04274-SVW-PVC | Date | February 14, 2024 |
|---|---|---|---|
| Title | *Jorge Alejandro Rojas v. Bright World, LLC et al* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [18]

### I.   INTRODUCTION

Before the Court is a motion for default judgment brought by Plaintiff Jorge Alejandro Rojas ("Plaintiff"). The Clerk entered default as to Defendant Bright World, LLC and Defendant Elmer A Valle Batres (collectively, "Defendants") on August 10, 2023. Plaintiff now seeks default judgment against Defendants. Plaintiff seeks to recover damages of $12,000.00 for the six automated/pre-recorded telephone calls received from Defendants in violation of 47 U.S.C. § 227(b)(1), along with the failure to properly identify two of the calls received from Defendants in violation of 47 C.F.R. § 64.1200(d)(4).

For the following reasons, Plaintiff's motion for default judgment is GRANTED IN PART.

### II.   BACKGROUND

The Complaint alleges the following facts.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04274-SVW-PVC | Date | February 14, 2024 |
|---|---|---|---|
| Title | *Jorge Alejandro Rojas v. Bright World, LLC et al* | | |

Defendant Bright World, LLC ("Bright World") is a California entity. Compl. ¶ 9, ECF No. 1. Elmer A Valle Batres ("Batres") is an officer of Bright World. *Id.* ¶ 10. Plaintiff received six telephone calls from Defendants between May 9, 2023, to May 30, 2023. *Id.* ¶¶ 33, 36, 43–49.

Defendants utilized a third-party call center to make calls on their own behalf. *Id.* ¶ 55. The calls were made for the purpose of soliciting solar panel installation services. *Id.* ¶ 57. Defendants used an automatic telephone dialing system ("ATDS"). *Id.* ¶ 56. Defendants willfully and knowingly committed the conduct. *Id.* ¶ 60. Defendants failed to disclose their identity during two of the calls. *Id.* Defendants did not get consent from Plaintiff before calling. *Id.* ¶ 64.

On May 31, 2023, Plaintiff filed this complaint alleging that Defendants were engaging in actions that violated the Telephone Consumer Protection Act ("TCPA"). *Id.* ¶¶ 73–76. Defendants failed to answer or otherwise appear, and the Clerk entered default on August 10, 2023. ECF No. 16, 17. Plaintiff now moves for default judgment pursuant to Fed R. Civ. P. 55(b)(2). Mot. for Default J., ECF No. 18 ("MDJ").

### III.   LEGAL STANDARD FOR A MOTION FOR DEFAULT JUDGMENT

Courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986); *see also Elektra Ent. Grp., Inc. v. Bryant*, 2004 WL 783123, *1–2 (C.D. Cal. Feb. 13, 2004).

   **A. Second and Third *Eitel* Factors**

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer |  | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04274-SVW-PVC | Date | February 14, 2024 |
|---|---|---|---|
| Title | *Jorge Alejandro Rojas v. Bright World, LLC et al* | | |

Together, the second and third *Eitel* factors test the allegations in the plaintiff's complaint and whether they state a claim on which the plaintiff may recover. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). In evaluating these factors, the well-pleaded allegations of the complaint are taken as admitted. *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986). Thus, the following analysis assumes the truth of factual allegations in the Complaint.

1. **Violation of TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)**

The TCPA makes it "unlawful for any person ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any [ATDS] or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). To bring an action under § 227(b)(1)(A)(iii), a plaintiff must show the following: "(1) the defendant called a cellular telephone number; (2) using an [ATDS] or prerecorded voice; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

"'Prior express consent' means that before Defendant made a call to Plaintiff's cellular telephone number, Plaintiff had given an invitation or permission to receive calls to that number." *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 551 (6th Cir. 2015). "To fall within the 'prior express consent' exception, a call must relate to the reason why the called party provided his or her phone number in the first place." *Fober v. Mgmt. & Tech. Consultants, LLC*, 886 F.3d 789, 793 (9th Cir. 2018).

Plaintiff "maintained and used a residential cellular telephone…" Compl. ¶ 27, ECF No. 1. Defendants "placed at least six (6) telephone solicitation calls to Plaintiff." *Id.* ¶ 71. The Court

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04274-SVW-PVC | Date | February 14, 2024 |
|---|---|---|---|
| Title | *Jorge Alejandro Rojas v. Bright World, LLC et al* | | |

concludes that the Complaint alleges sufficient facts to show that Defendant called Plaintiff's cellular telephone number six times.

Defendants "utilized an ATDS and/or pre-recorded voice in making the calls." *Id.* ¶ 70. During the first two phone calls, Plaintiff noticed "a longer than natural pause" and "heard music play" before being connected. *Id.* ¶¶ 34, 37. Plaintiff alleges that Defendants used an ATDS for three reasons: (1) he heard beeps during the calls, (2) there were longer-than-natural pauses during the calls, (3) the callers used a variety of telephone numbers each with different area codes. *Id.* ¶ 56. Defendants called a third time, but Plaintiff missed the call. *Id.* ¶¶ 43, 44. The same number used to call Plaintiff for the third call was also used to call Plaintiff for the fourth call. *Id.* ¶¶ 43–45. During the fourth call, Plaintiff listened to "a pre-recorded message" before being transferred to a representative. *Id.* ¶ 46. During the fifth and sixth calls, Plaintiff listened to "a pre-recorded message" before being transferred to a representative. *Id.* ¶¶ 47–50. On the sixth call, Plaintiff "asked the representative if he was using an auto dialer in making the telephone call, and the representative responded in the affirmative." *Id.* ¶ 51. The Court concludes that the Complaint alleges sufficient facts to show Defendant used an ATDS and/or pre-recorded voice to place each of the six calls received by Plaintiff.

The Court finds that the Complaint alleges sufficient facts to show that Plaintiff did not consent to the first call. The Complaint alleges that "Defendants did not have any consent to call Plaintiff." *Id.* ¶ 64. Further, "Plaintiff did not have any prior business relationship with Defendants." *Id.* ¶ 63. Lastly, "Defendants' calls to Plaintiff were made for the purpose or intention of being a 'telephone solicitation.'" *Id.* ¶ 66.

However, the Court reaches a different conclusion as to the second call. During the first call on May 9, 2023, Plaintiff alleges that after he "answered the telephone call," he was connected to a representative, Luis, who stated that he was "calling regarding a free energy

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

Case 2:23-cv-04274-SVW-PVC   Document 21   Filed 02/14/24   Page 5 of 11   Page ID #:107

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04274-SVW-PVC | Date | February 14, 2024 |
|---|---|---|---|
| Title | *Jorge Alejandro Rojas v. Bright World, LLC et al* | | |

assessment." *Id.* ¶¶ 33–34. Plaintiff then states that "[d]uring the call, the representative scheduled an 'energy assessment' for the next day." *Id.* ¶¶ 33–35. Plaintiff does not allege that he did not agree to scheduling this "home energy assessment." *Id.* Plaintiff then admits that in the second call on May 25, 2023, "he was connected to an individual who stated he was calling regarding a home energy assessment which was scheduled for May 10, 2023." *Id.* ¶ 37. During this second call, "Plaintiff indicated to the representative that an energy assessment did not take place on May 10, 2023," and so "[t]he representative scheduled [another] energy assessment for [May 26, 2023]." *Id.* ¶¶ 38, 39. Again, Plaintiff does not allege that the energy assessment was scheduled against his will. *Id.* ¶¶ 36–42.

From this, the Court infers that on May 9, Plaintiff agreed to schedule a "home energy assessment" for May 10, and that a representative called on May 25 to follow up regarding this assessment that should have occurred on May 10. Plaintiff's agreement to schedule the May 10 assessment established a business relationship and gave an "invitation or permission" to receive a call regarding the May 10 assessment. *See Hill v. Homeward Residential, Inc.*, 799 F.3d at 551; *Fober v. Mgmt. & Tech. Consultants, LLC*, 886 F.3d at 793. Thus, the Court finds that Plaintiff provided "prior express consent" to be contacted with regard to the May 10 "home energy assessment."

The Court reaches the same conclusion as to the remaining four calls, which all occurred on May 30, 2023. Compl. ¶¶ 43–50. Plaintiff alleges he missed the third call but that he received the fourth, fifth, and sixth calls, and that each time, the representatives stated they were "following up with Bright World." *Id.* The Complaint says nothing else about the calls. Nor does Plaintiff state whether the second-scheduled "home energy assessment" for May 26, 2023, took place. *Id.* However, it can be inferred that Bright World made these calls to "follow up" about either the home energy assessment or something else the Plaintiff inquired about. By engaging with Bright World representatives and scheduling a "home energy assessment" twice, Plaintiff

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04274-SVW-PVC | Date | February 14, 2024 |
|---|---|---|---|

| Title | *Jorge Alejandro Rojas v. Bright World, LLC et al* |
|---|---|

appears to have solicited these calls. *See id.* ¶¶ 35, 39. The Complaint does not sufficiently demonstrate otherwise.

Therefore, Plaintiff has only sufficiently pleaded the requisite elements for one violation of 47 U.S.C. § 227(b)(1).

2. **Violation of TCPA's Automated Telemarketing Call Provisions, 47 C.F.R. § 64.1200(d)(4)**

Plaintiff seeks to recover damages for two calls that allegedly violated 47 C.F.R. § 64.1200(d)(4). *Id.* ¶¶ 94–95. Under 47 C.F.R. § 64.1200(d)(4), "any call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." Plaintiff alleges that "Defendants violated this provision during the telephone call by not identifying itself adequately during the calls." Compl. ¶ 93. Plaintiff seems to allege that Defendants failed to provide the name of the individual caller and the name of the person or entity on whose behalf the call was being made.

Plaintiff did not specify which two phone calls violated 47 C.F.R. § 64.1200(d)(4). Compl. ¶¶ 91–95. However, because Plaintiff missed the third call, and the callers in the fourth, fifth, and sixth call stated they were "following up with Bright World," the Court can infer that Plaintiff is alleging the first two calls violated 47 C.F.R. § 64.1200(d)(4). *Id.* ¶¶ 43, 46–50.

The Complaint alleges that the first call was made by an employee named "Luis" who stated he was with the "Clean Energy Program." Compl. ¶¶ 33–35. Plaintiff alleges that the name "Clean Energy Program" does not reasonably identify the caller, Bright World. *Id.* ¶ 53. The Court concludes that the Complaint alleges sufficient facts to show that Defendants failed to

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04274-SVW-PVC | Date | February 14, 2024 |
|---|---|---|---|
| Title | *Jorge Alejandro Rojas v. Bright World, LLC et al* | | |

disclose the name of the person or entity on whose behalf the call was being made in the first call.

However, Plaintiff has not pleaded facts sufficient to show that there was a second violation of 47 C.F.R. § 64.1200(d)(4). Plaintiff alleges that during the second call "he was connected to an individual" concerning a home energy assessment. Compl. ¶ 37. Plaintiff did not allege any facts to demonstrate that the individual did not disclose "the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." 47 C.F.R. § 64.1200(d)(4).

Therefore, Plaintiff has only sufficiently pleaded the requisite elements for one violation of 47 C.F.R. § 64.1200(d)(4).

**B. Remaining *Eitel* Factors**

The Court now turns to the remaining *Eitel* factors, which also favor granting default judgment in part.

First, Plaintiff will suffer prejudice if the Court does not enter default judgment. Because Defendants have not appeared in this action, default judgment is the only way in which Plaintiff may obtain relief. *See Colony Ins. Co. v. Schmid*, 2020 U.S. Dist. LEXIS 164505, *5 (C.D. Cal. Sep. 9, 2020). Without the entry of default judgment, Defendants will have escaped liability simply by not showing up. *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014). Therefore, this factor favors entry of default judgment.

Next, the Court must determine whether "the amount of money at stake [is] in relation to the seriousness of Defendant's conduct." *Eitel*, 782 F.2d at 1471–72. "Default judgments are

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04274-SVW-PVC | Date | February 14, 2024 |
|---|---|---|---|
| Title | *Jorge Alejandro Rojas v. Bright World, LLC et al* | | |

disfavored where the sum of money requested is too large or unreasonable in relation to a defendant's conduct." *Constr. Laborers Trust Funds for S. Cal. Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 1192, 1201 (C.D. Cal. 2018). Plaintiff provided adequate statutory support for his requested damages.

"The TCPA provides for a statutory minimum of $500 per violation." *Champion v. Sethi*, 2023 U.S. Dist. LEXIS 157850, *5 (citing *Drew v. Lexington Consumer Advoc.*, 2016 U.S. Dist. LEXIS 188997, 2016 WL 9185292, at 11) (citing 47 U.S.C. 227(b)(3), (c)(5); *see Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1124 (9th Cir. 2022) ("Congress . . . set a floor of statutory damages at $500 damages at $500 for each violation of the TCPA but no ceiling for cumulative damages[.]"). The Court has discretion to increase this amount to $1,500 if it finds that the defendant committed the violation willfully or knowingly. 47 U.S.C. §§ 227(b)(3), (c)(5)".

Plaintiff seeks $12,000 in enhanced statutory damages. Plaintiff claims that the six calls he received from Defendants constitute an TCPA violation under § 227(b) and requests $1,500 for each call, for a total of $9,000. Plaintiff claims that two of the six calls he received from Defendants constitute an additional TCPA violation under § 227(c), and request $1,500 for each call, for a total of $3,000.

"The Ninth Circuit has not ruled on this issue, but the court finds persuasive the Sixth Circuit's holding that 'the fact that the statute includes separate provisions for statutory damages in subsections (b) and (c) suggests that a plaintiff could recover under both.'" *Roylance v. ALG Real Est. Servs., Inc.*, No. 5:14-CV-02445-PSG, 2015 WL 1522244 (N.D. Cal. Mar. 16, 2015), ! <O6. ("Accordingly, Roylance may recover damages for both of his TCPA claims because 'a person may recover statutory damages for violations of the automated-call requirements' and for violations of 'the do-not-call-list requirements...even if both violations occurred in the same telephone call.'").

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04274-SVW-PVC | Date | February 14, 2024 |
|---|---|---|---|
| Title | *Jorge Alejandro Rojas v. Bright World, LLC et al* | | |

Plaintiffs' request for treble damages is denied for TCPA violations under § 227(b) and § 227(c). "Courts in this Circuit have typically exercised their discretion to award treble damages in cases where the defendant had a prior judgement against it for violating the TCPA or where statutory damages were trivial and thus would not deter the defendant from future misconduct." *Champion v. Sethi*, 2023 U.S. Dist. LEXIS 157850, *8. Plaintiff did not allege sufficient facts to show that Defendants had a prior judgement against them. Plaintiff likewise did not allege sufficient facts to suggest that Defendants would not be deterred by statutory damages. Therefore, there is not a sufficient basis to justify an award of enhanced statutory damages.

Therefore, this factor (the proportionality between the damages requested and the claims alleged) weighs in favor of granting default judgment in part.

The next factor (the possibility of disputed material facts) also favors entry of default judgment. After entry of default, "all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). Because Defendants have not made any appearance in this case to contest any of the issues or assert any defenses, it is very unlikely that disputes as to material fact will arise. *See e.g., Colony Ins. Co.* 2020 U.S. Dist. LEXIS at *11. Therefore, this factor also weighs in favors of entry of default judgment.

Next, the Court must determine whether the Defendants' default is a product of excusable neglect. *Eitel*, 782 F.2d at 1472. This factor favors the entry of default judgment where Plaintiff demonstrates that Defendants have been properly served and are thus aware of the pending action. *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Defendants were properly served on July 18, 2023, and have since failed to file any responsive pleading or appear in Court. *See* ECF No. 12, 13. There is no evidence to suggest that this is due

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04274-SVW-PVC | Date | February 14, 2024 |
|---|---|---|---|
| Title | *Jorge Alejandro Rojas v. Bright World, LLC et al* | | |

to any excusable neglect on the part of the Defendants. Therefore, this factor also weighs in favor of default judgment.

Lastly, the final *Eitel* factor advises that "[c]ases should be decided upon their merits whenever reasonably possible." 728 F.2d at 1472. However, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Thus, this preference is not dispositive of entering default judgment when the other *Eitel* factors favor such action, as is the case here. *See id.*

Because Defendants have failed to appear in Court to defend the action, and because the *Eitel* factors strongly favor such a decision, the Court concludes that default judgment is warranted here.[1]

### IV.   REMEDIES

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). While Fed. R. Civ. P. 55 gives courts "considerable leeway" in determining what is required for an entry of default judgment, "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (citation omitted).

The Court will award Plaintiff $1000 in total for one TCPA violation under § 227(b) and one TCPA violation under § 227(c). *See* ECF No. 18. The Court declines to award Plaintiff his

---

[1] The Court also concludes that Plaintiff has complied with the procedural requirements of Fed. R. Civ. P. 55(a) and 54(c) and Local Rule 55-1, as required for entry of a default judgment. *See* ECF No. 16-17.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04274-SVW-PVC | Date | February 14, 2024 |
|---|---|---|---|
| Title | *Jorge Alejandro Rojas v. Bright World, LLC et al* | | |

requested treble damages because he has not pleaded facts sufficient to entitle him to such damages.

**V.   CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART Plaintiff's motion for default judgment. The Court awards Plaintiff $1,000.00.

**IT IS SO ORDERED.**

:

Initials of Preparer         PMC