Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
424-219-1582

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>               Plaintiff,<br><br>v.<br><br>BRIGHT WORLD, LLC, et al,<br><br>               Defendants. | Case No. 2:23-CV-04274-SVW-PVC<br><br>**NOTICE OF MOTION;**<br>**MOTION TO ALTER OR AMEND**<br>**JUDGMENT**<br><br>Hearing: April 15, 2024, 1:30 pm<br>Judge: Stephen V. Wilson |

## NOTICE OF MOTION

NOTICE IS GIVEN, that Plaintiff, Jorge Alejandro Rojas, will bring on for hearing, before the Honorable Stephen V. Wilson, this Motion to Alter or Amend Judgment, on April 15, 2024 at 1:30 pm, or as soon thereafter as he may be heard, at the U.S. District Court for the Central District of California, First Street Courthouse, 350 W. 1st Street, Courtroom 10A, 10th Floor, Los Angeles, California 90012. Plaintiff requests to attend via electronic/video/telephonic means and will submit such request no later than one week before the hearing. Plaintiff has been unable to confer with any Defendant prior to the filing of this motion because they have not been responsive, and Plaintiff is unaware of counsel for any Defendant. Plaintiff nevertheless mailed a request to confer to each Defendant at least seven (7) days prior to the filing of this motion.

# MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff, pursuant to Fed. R. Civ. P. 59(e), moves this Court to alter or amend its February 14, 2024 Judgment (Order, Dkt. 21) entered against Defendants Bright World, LLC ("Bright World") and Elmer A Valle Batres ("Batres").

Plaintiff attempted to confer with Defendants prior to the filing of this Motion, but did not receive a reply. Plaintiff mailed each Defendants last known address and registered agent a conferral letter at least seven days prior to the filing of this motion.

**L.R. 59-1.1 Specification of Ground – Error of Law Statement:** The Court erred in applying the "pre-2012" consent standard required for calls made under the TCPA using an automatic telephone dialing system or automated/pre-recorded voice. The Court should have applied the standard implemented in 2012, effective in 2013, which requires prior express *written* consent. Under this standard, the calls alleged in the Complaint were all made without consent.

## I. Background

This is an action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and its implementing regulations, 47 C.F.R. § 64.1200. Plaintiff moved for default judgment against Defendants (Dkt. 18), seeking $12,000 against them, joint and several, for them placing at least six (6) automated "robocalls" to Plaintiff.

On February 14, 2024, the Court granted the default judgment motion in part. Dkt. 21. The Court entered judgment against Defendants for one violation of the TCPA's automated telemarketing call provisions, 47 U.S.C. § 227(b)(1), and for one violation of its implementing regulations, 47 C.F.R § 64.1200(d)(4). In total, the Court awarded Plaintiff $1,000.00[1].

Plaintiff here seeks reconsideration of the Court finding that Defendants only violated 47 U.S.C. § 227(b)(1) once. Plaintiff does not seek reconsideration of the Court's

---

[1] Plaintiff has also filed his Bill of Costs, which is currently pending the Clerk's review.

finding that the calls were made to violate the TCPA in a knowingly and/or willful manner or that Plaintiff did not plead sufficient facts to demonstrate that there were two violations of 47 C.F.R. § 64.1200(d)(4). The basis for reconsideration is that Defendants did not have the requisite level of consent to make telephone calls beyond the first call using an automated telephone dialing system or pre-recorded voice – and that the Court committed clear error by following the pre-2012 FCC consent standards. As set forth in this motion, those types of calls require heightened levels of consent, which Defendants did not have. Plaintiff respectfully requests that the Court reconsider that aspect of its judgment, and amend it to be $3,000 for the six (6) violations of 47 U.S.C. § 227(b)(1) and $500 for the one violation of its implementing regulations, 47 C.F.R § 64.1200(d)(4), for a total of $3,500.00, joint and several against Defendants, plus costs.

## II.     Rule 59(e) Motion Standards

Federal Rule of Civil Procedure 59(e) provides that a party may file a "motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (per curiam) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ). "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" Id. (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis omitted).

An error "must be one on which the final judgment was predicated" and "must be one that would alter the outcome of the case." *SEC v. Pattison*, 2011 U.S. Dist. LEXIS 61922, 2011 WL 2293195 (N.D. Cal. June 9, 2011).

Plaintiff respectfully believes the Court committed a "clear error" in interpreting the TCPA and its implementing regulations with respect to the requisite level of consent required to make telephone calls to the Plaintiff. Plaintiff's motion for default judgment addressed the standards regarding consent required. Dkt. 18 pp. 16-18. The final judgment

in this case was predicated on the error regarding the consent required. If the Court applies the prior express written consent standard as promulgated by the FCC in 2012, it would find that the outcome of the case would have resulted in a judgment for a higher amount.

**III. The FCC's implementing regulations of the TCPA were amended in 2012, requiring prior express *written* consent for the calls at issue.**

The Court has correctly determined that "the Complaint alleges sufficient facts to show Defendant used an ATDS and/or pre-recorded voice to place each of the six calls received by Plaintiff." Dkt. 21 at 4. The Court also determined that the calls "were made for the purpose or intention of being a 'telephone solicitation.'" *Id.*

Plaintiff agrees with these holdings.

The Court found that after scheduling the first "home energy assessment" – after/during which the caller would be pitching the sale of solar or other home energy services – the parties established a "business relationship" and that Plaintiff gave an "invitation or permission" to receive the calls. *Id.* at 5.

Plaintiff disagrees with these holdings and seeks reconsideration on the basis that these were automated and/or pre-recorded telephone calls for advertising or telemarketing purposes. These types of calls require a heightened level of consent, "prior express *written* consent."

47 C.F.R. § 64.1200(a)(2) requires prior express written consent for advertising or telemarketing calls that use an ATDS or an artificial or pre-recorded voice. Prior express written consent is further defined as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R § 64.1200(f)(9).

In interpreting the statute, the Federal Communications Commission ("FCC") has on a number of occasions attempted to define the term "prior express consent" within the

meaning of the TCPA. In 1992, the FCC adopted the view that . . . any telephone subscriber that provides his or her telephone number to a business does so with the expectation that the party to whom the number was given will return the call. Hence, any telephone subscriber who releases his or her telephone number has, in effect, given prior express consent to be called by the entity to which the number was released. *Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752 (1992).

In 2012, the FCC revised its position in response to "the volume of consumer complaints we continue to receive concerning unwanted, telemarketing robocalls." *Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991* ("2012 TCPA Order"), 27 FCC Rcd. 1830, 1838 (2012) (effective October 16, 2013). Therein, the FCC modified the implementing regulation to the TCPA so that the form of a called party's prior express consent depends on the nature of the telephone call. 47 C.F.R. § 64.1200(a). Any telephone call that "includes or introduces an advertisement or constitutes telemarketing" cannot be made without "the prior express written consent of the called party." 47 C.F.R. § 64.1200(a)(2); *see also 2012 TCPA Order*, 27 FCC Rcd. at 1838-44. All other calls made with an automatic telephone dialing system require only "the prior express consent of the called party." 47 C.F.R. § 64.1200(a)(1). *Larson v. Harman Mgmt. Corp.*, No. 1:16-cv-00219-DAD-SKO, at *5-6 (E.D. Cal. Oct. 26, 2016).

This Court appears to have relied upon the pre-2012 standard. Plaintiff concedes that if the calls after the first one were made using a live person, and not an auto dialer or artificial/pre-recorded voice, that Defendants could argue the prior express consent affirmative defense.

The established business relationship exemption of the TCPA does not apply to 47 U.S.C. § 227(b). In *Sieleman v. Freedom Mortg. Corp.*, Civil Action No. 17-13110 (JBS/JS) (D.N.J. Aug. 2, 2018), the Court held:

> Further, even if Plaintiff is a customer of FMC, that fact alone does not preclude FMC from impermissibly using an ATDS to contact him. Had the FCC intended, it could have extended the "established business relationship"

exception that applies to certain calls made to residential lines to calls made with an ATDS to cellular phones. *See* 7 F.C.C. Rcd. 8752, 8769-73 ¶¶ 32-39 (concluding "that the TCPA permits an exemption for established business relationship calls from the restriction on artificial or prerecorded message calls to residences."). Instead, the FCC "<u>eliminated</u> the established business relationship exemption for . . . calls to residential lines[.]",  2012 FCC Order, 27 F.C.C. Rcd. 1830, 1831 ¶ 2 (Feb. 15, 2012) (<u>emphasis</u> added). Clearly then, it is possible for a company to impermissibly call its customers using a telephone dialing system with the "capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator[.]

Here, it is undisputed that Plaintiff's cell phone is a residential line. Dkt. 1 ¶ 27; Dkt. 21 pp. 3-4. It is also undisputed that an ATDS and/or pre-recorded voice was made during the calls. Dkt. 21 p. 4.

The Court relied on *Hill v. Homeward Residential, Inc* for the proposition that Plaintiff invited or gave permission to the Defendants for the calls beyond the first call. Dkt. 21 at 5. Plaintiff respectfully disagrees. *Hill* relies on 1992 and 2008 interpretations of the TCPA's consent provisions. 799 f.3d at 551. The consent standard changed in 2012. 27 F.C.C. Rcd. 1830, 1831 (2012). *Williams,* at *7 (D. Nev. Oct. 24, 2017). ""[T]he FCC has interpretive authority over the [TCPA]," *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 467 (6th Cir.2010), and its "rulings ... shape the law in this area[.]" *Hill*, 799 F.3d 544, 551 (6th Cir.2015)." *Baisden v. Credit Adjustments, Inc*., 813 F.3d 338, 342 (6th Cir. 2016).

Even though Plaintiff scheduled an appointment for a solar consultation, that does not constitute prior express written consent for ATDS and/or pre-recorded calls. Had the calls been a live person, Defendant could arguably rely on consent for those calls based on the prior interaction with Plaintiff. However, automated, or pre-recorded calls require a heightened level of consent. "Recipients deemed that "automated telephone calls that deliver an artificial or prerecorded voice message are more of a nuisance and a greater

invasion of privacy than calls placed by 'live' persons." S. Rep. No. 102-178, at 4. " *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1044 (9th Cir. 2018).

"The term prior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8). The written agreement shall include a clear and conspicuous disclosure informing the person signing that: by executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and the person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services. 47 C.F.R. § 64.1200(f)(8)(i) (2013). *Williams,* at \*9 (D. Nev. Oct. 24, 2017).

Defendants do not have any such written agreement with the Plaintiff. Any written agreement would also need to comply with the provisions on the e-SIGN Act. *In re Rules 2012* ¶ 34 ("[C]onsent obtained in compliance with the E-SIGN Act will satisfy the requirements of our revised rule, including permission obtained via an email, website form, text message, telephone keypress, or voice recording."). The E-SIGN Act provides that an electronic record may be used to provide information to a consumer that is required to be made in writing per a statute or regulation where the consumer is provided with certain disclosures, including how to withdraw consent. 15 U.S.C. § 7001(c). Those disclosures were not included in any consent form defendant identified – in fact they have not identified any consent from Plaintiff because they have failed to appear. *Mantha v. QuoteWizard.com*, Civil Action 19-12235-LTS[1], at \*17 (D. Mass. Dec. 3, 2021).

Plaintiff's original motion included the argument that Defendants required prior express written consent, and that the FCC's rules had changed in 2012. Dkt. 18 pp. 16-18. Plaintiff's Complaint similarly did. Dkt. 1 ¶ 16.

## IV.   Conclusion

Plaintiff respectfully requests that the Court find that Defendants did not have the requisite level of consent for *any* of the telephone calls alleged in the Complaint, and amend its judgment to be $3,000 for the six (6) violations of 47 U.S.C. § 227(b)(1) and $500 for the one violation of its implementing regulations, 47 C.F.R § 64.1200(d)(4), for a total of $3,500.00, joint and several against Defendants, plus costs. Plaintiff requests that this judgment amount be entered effective as of the date of the original judgment, February 14, 2024. Interest is requested pursuant to 28 U.S.C. § 1961(a). A proposed order is included.

Respectfully submitted,

Dated: March 9, 2024.

*/s/ Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

## L.R. 11-6.1 CERTIFICATE OF COMPLIANCE

The undersigned, Plaintiff Jorge Alejandro Rojas, certifies that this brief contains 2,554 words, based upon Microsoft Word's calculation, which complies with the word limit of L.R. 11-6.1.

Dated: March 9, 2024.

*/s/ Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS

## CERTIFICATE OF SERVICE

Plaintiff will mail a copy of this filing to Defendant Bright World's Registered Agent, Elmer Batres, at 7643 N Ingram Ave Ste 101, Fresno, CA 93711, via USPS First

Class Mail, and to Elmer Batres at 7643 N Ingram Ave Ste 101, Fresno, CA 93711 via USPS First Class Mail.

*/s/ Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS